IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND EAVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 08 C 0024 |
| | ) | |
| DONALD HULICK, Warden, | ) | The Honorable |
| | ) | Matthew F. Kennelly, |
| Respondent. | ) | Judge Presiding. |

## **ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and this Court's order of January 23, 2008, respondent DONALD HULICK answers the instant petition for writ of habeas corpus as follows:

1.    Petitioner RAYMOND EAVES is incarcerated at the Menard Correctional Center in Menard, Illinois, where he is identified as prisoner number N28319. Petitioner is in the custody of Donald Hulick, that facility's warden.

2.    Following a 1997 jury trial in the Circuit Court of Cook County, Illinois, petitioner was convicted of first degree murder, aggravated criminal sexual assault, and robbery. (Exh. H at 1). Petitioner was sentenced to a natural life term of imprisonment for the murder, a consecutive 30-year term of imprisonment for the assault, and a concurrent 5-year term of imprisonment for the robbery. *Id.*

3.    On direct appeal, petitioner argued that the trial court erred in refusing to instruct the jury on involuntary manslaughter (Exh. A), and the state appellate

court affirmed (Exh. C).  Petitioner repeated this argument in a petition for leave to appeal (PLA) that he filed in the Illinois Supreme Court (Exh. D), and that court denied leave to appeal on March 31, 1999 (Exh. E).  Although petitioner seems to suggest that he then filed a petition for a writ of certiorari in the United States Supreme Court (Pet. at 2), searches of Westlaw and the Supreme Court's online docket reveal no such petition.

4.    Petitioner filed a state postconviction petition under 725 ILCS 5/122-1, *et seq*, on October 5, 1999, and he later filed two "supplemental" petitions.  (Exh. H at 2).  The trial court dismissed all of the petitions in October 2005.  (*Id.* at 2-3).

5.    Petitioner appealed, arguing only that his consecutive sentence for assault was void "since no sentence can be served consecutively to a natural life term."  (Exh. F at 5).  In affirming, the appellate court modified the assault sentence to run concurrently with petitioner's life sentence.  (Exh. H at 4).

6.    Petitioner then filed a PLA in the Illinois Supreme Court raising the following arguments:

A.    The trial court erred in refusing to instruct the jury on involuntary manslaughter.

B.    The trial court denied petitioner a fair trial by:

(1)    misapplying Illinois's rape shield law to exclude evidence that the victim was "a known prostitute and convicted felon";

(2)    misapplying state law regarding jury selection procedures; and

(3)    allowing the prosecutor to make "prejudicial, inflammatory and erroneous statements" in closing argument.

2

C.    Petitioner's conviction on "two counts of first degree murder" violates Due Process, Illinois's "one act, one crime" rule, and the Illinois constitution.

D.    Appellate counsel was ineffective in failing to raise the trial court's errors.

(Exh. I at 4-5, 7-8).  The Illinois Supreme Court denied leave to appeal on

September 26, 2007.  (Exh. J).

7.    In January 2008, petitioner filed a federal habeas petition in this Court

under 28 U.S.C. § 2254 alleging:

A.    The trial court erred in refusing to instruct the jury on involuntary manslaughter.

B.    The trial court denied petitioner a fair trial by:

(1)    misapplying Illinois's rape shield law to admit evidence that the victim was "a very good person" and to exclude evidence that the victim was "well known by police" and had been "arrested for other things";

(2)    misapplying state law regarding jury selection procedures;

(3)    allowing the prosecutor to make "prejudicial, inflammatory and erroneous statements" in closing argument; and

(4)    "allowing the jury to deliberate on multiple cou[n]ts."

C.    Petitioner's conviction on two counts of first degree murder violates Due Process, Illinois's "one act, one crime" rule, and the Illinois constitution.

D.    The trial court erred in ordering petitioner's 30-year sentence for assault to run consecutive to his term of life imprisonment.

(Pet. at 3b, 5-6).

3

8.    Pursuant to Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts, respondent states as follows:

A.    Petitioner has exhausted his state court remedies.

B.    All claims, except for petitioner's jury instruction claim and his consecutive sentence claim, are procedurally barred.

C.    The doctrine of non-retroactivity is not relevant to petitioner's case because petitioner does not claim a violation of any newly recognized constitutional right.

D.    Petitioner's federal petition is timely.

9.    Pursuant to Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts, respondent states that the record on appeal in petitioner's case, including any transcripts, is in the custody of the Circuit Court of Cook County.  Respondent has not filed the state court transcripts because this matter can be fairly disposed of based on the exhibits listed below.  *See generally Simental v. Matrisciano*, 363 F.3d 607, 612 (7th Cir. 2004) (review of state court transcripts in habeas proceedings is "rare"); *Kines v. Godinez*, 7 F.3d 674, 677 (7th Cir. 1993) (habeas court can rely exclusively on state appellate court's factual summaries when petitioner does not contend that they are inaccurate or incomplete).

4

10.    Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent has manually filed the following exhibits under separate cover with the Clerk of this Court[1]:

**Exhibit A:**  Opening Brief and Argument for Defendant-Appellant, *People v. Eaves*, No. 1-97-3959;

**Exhibit B:**  Brief and Argument for Plaintiff-Appellee, *People v. Eaves*, No. 1-97-3959;

**Exhibit C:**  *People v. Eaves*, No. 1-97-3959 (Ill.App. Jan. 12, 1999);

**Exhibit D:**  PLA*, People v. Eaves*, No. 87046;

**Exhibit E:**  *People v. Eaves*, 712 N.E.2d 820 (Ill. 1999) (denying leave to appeal);

**Exhibit F:**  Brief and Argument for Petitioner-Appellant*, People v. Eaves*, No. 1-05-3406;

**Exhibit G:**  Brief and Argument for Respondent-Appellee, *People v. Eaves*, No. 1-05-3406;

**Exhibit H:**  *People v. Eaves*, No. 1-05-3406 (Ill.App. Mar. 2, 2007);

**Exhibit I:**  PLA, *People v. Eaves*, No. 104515; and

**Exhibit J:**  *People v. Eaves*, 875 N.E.2d 1116 (Ill. 2007) (denying leave to appeal).

---

[1]  Respondent is still awaiting receipt of petitioner's postconviction petition and related filings, and will file them with this Court when he receives them. As explained infra, this habeas petition can be disposed of by reference to the Rule 5 exhibits filed along with this Answer.

## RESPONSE TO PETITIONER'S CLAIMS

As explained more fully below, petitioner's jury instruction and consecutive sentence claims are meritless and his remaining claims are procedurally defaulted. Thus, this Court should deny the petition in its entirety.

**I.   Petitioner's jury instruction claim is meritless because there is no clearly established right to a lesser offense instruction in a non-capital case.**

The Illinois Appellate Court's adjudication of petitioner's jury instruction claim did not contradict or unreasonably apply clearly established federal law for purposes of 28 U.S.C. § 2254(d)(1) because the Supreme Court has never held that lesser offense instructions are constitutionally required in non-capital cases.  *See Calloway v. Montgomery*, 512 F.3d 940, 944-45 (7th Cir. 2008) (because the Supreme Court has "declined to consider lesser-included offenses in noncapital cases," there is "no clearly established Supreme Court precedent").  Accordingly, petitioner's jury instruction claim is meritless when measured under the constraints of § 2254(d)(1).  *See generally Wright v. Van Patten*, 128 S.Ct. 743, 747 (2008) (where Supreme Court cases "give no clear answer to the question presented, let alone one in [petitioner's] favor," habeas relief is unauthorized "[u]nder the explicit terms of § 2254(d)(1)"); *Carey v. Musladin*, 127 S.Ct. 649, 654 (2006) ("lack of holdings from [Supreme Court]" on particular issue means that "state court's decision was not contrary to or an unreasonable application of clearly established federal law").

**II.    Petitioner's consecutive sentence claim is meritless because his sentence is no longer consecutive.**

Petitioner's complaint regarding the consecutive nature of his sentence for assault is counterfactual: in petitioner's postconviction appeal, the Illinois Appellate Court "vacate[d] the trial court's order that [petitioner's] 30-year sentence be served consecutively to the term of natural life, and order[ed the sentence] to run concurrently" instead. (Exh. H at 4). Thus, the 30-year term is no longer consecutive, and petitioner's claim is lacking in a valid factual basis.

**III.    Petitioner's remaining claims are procedurally defaulted because he failed to present them to the Illinois Appellate Court.**

To preserve claims for federal review, an Illinois petitioner must invoke "one complete round" of Illinois's appellate review process, presenting the claims to both the Illinois Appellate Court and the Illinois Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999). Here, petitioner never presented his claims regarding (1) the admissibility of evidence; (2) jury selection; (3) the prosecutor's closing argument; (4) "allowing the jury to deliberate on multiple counts"; and (5) the "one act, one crime" rule — Claims B & C, *see supra* ¶ 7 — to the Illinois Appellate Court following the trial court's dismissal of his postconviction petitions, even though he later raised some of them in his postconviction PLA, and the time for raising them in the appellate court has passed. Accordingly, these claims are procedurally defaulted.[2]  *See Boerckel*, 526 U.S. at 848; *White v. Godinez*, 192 F.3d

---

[2]  As explained in footnote 1, respondent does not yet have copies of the postconviction petitions that petitioner filed in the trial court. But the contents of

607, 608 (7th Cir. 1999) (applying *Boerckel* "one complete round" requirement to

Illinois's postconviction process).  Because petitioner has not established cause for

his default or shown that he is actually innocent, his default precludes review of

these claims.  *See, e.g., Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) ("A

procedural default will bar a federal court from granting relief on a habeas claim

unless the petitioner demonstrates cause for the default and prejudice resulting

therefrom, or, alternatively, he convinces the court that a miscarriage of justice

would result if his claim were not entertained on the merits.") (citations omitted).

---

those documents would not affect the foregoing procedural default argument.  Even
if petitioner included each of his defaulted habeas claims in the postconviction
petitions, he omitted them all from his postconviction appeal, rendering them
defaulted on federal habeas review.  *See Boerckel*, 526 U.S. at 848; *White*, 192 F.3d
at 608.  If petitioner did not raise these defaulted claims in his postconviction
petitions, they remain defaulted under the same theory.  *See id.*; *see also Castille v.
Peoples*, 489 U.S. 346, 351 (1989) (raising claim for first time in discretionary
appeal to state supreme court does not preserve claim for federal habeas review);
*Wilson v. Briley*, 243 F.3d 325, 328 (7th Cir. 2001) (same).

## <u>CONCLUSION</u>

Because petitioner's jury instruction and consecutive sentence claims are meritless and his remaining claims are procedurally defaulted, this Court should deny the petition in its entirety.  If this Court rejects respondent's procedural default argument, respondent requests 30 days from the date of the Court's order to address the merits in a subsequent submission.

March 20, 2008                          Lisa Madigan
                                        Attorney General of Illinois

                          By:    s/ Retha Stotts_____
                                 Retha Stotts, Bar #6270680
                                 Assistant Attorney General
                                 100 West Randolph Street, 12th Floor
                                 Chicago, Illinois 60601-3218
                                 Telephone: (312) 814-0010
                                 Fax: (312) 814-5166
                                 E-mail: rstotts@atg.state.il.us

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2008, I electronically filed the foregoing **Answer** with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system and mailed a copy to the following non-CM/ECF participant:

Raymond Eaves, #N28319
Menard Correctional Center
711 Kaskaskia Street
P.O. Box 711
Menard, IL 62259

s/ Retha Stotts
RETHA STOTTS, Bar #6270680
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
TELEPHONE: (312) 814-0010
FAX: (312) 814-5166
E-MAIL: rstotts@atg.state.il.us
