

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

JUN 2 5 2008
6-25-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| RAYMOND EAVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 08 C 0024 |
| | ) | |
| DONALD HULICK, Warden, | ) | The Honorable |
| | ) | Matthew F. Kennelly, |
| Respondent. | ) | Judge Presiding. |

## TO THE CLERK OF THE UNITED STATES DISTRICT COURT

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent files the attached *Supplemental Exhibits* to respondent's Answer:

**Exhibit K:**  Petition for Postconviction Relief;

**Exhibit L:**  Partial Supplemental Postconviction Petition; and

**Exhibit M:**  Second Supplemental Petition for Postconviction Relief.

June 25, 2008

LISA MADIGAN
Attorney General of Illinois

By:

RETHA STOTTS, Bar #6270680
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
TELEPHONE: (312) 814-0010
FAX: (312) 814-5166
E-MAIL: rstotts@atg.state.il.us

D428 MCC#1

IN THE CIRCUIT COURT OF COOK COUNTY

PEOPLE OF THE STATE OF ILLINOIS)
)
-vs-    )    No;93 CR 19046
)
)
RAYMOND EAVES    )
)
)

**FILED**

OCT 0 5 1999

AURELIA PUCINSKI
CLERK OF CIRCUIT COURT

PETITION FOR POST CONVICTION RELIEF

Now comes Raymond Eaves, Defendant, pro se, and petitions this honorable court to grant him relief under the post-conviction act [725 ILCS 5/122-1(199

In support of this petition, defendant states:

1. He was convicted of the offenses of murder, aggravated criminal sexual assault and robbery. After a jury trial of guilty before the Honorable Paul Nealis the defendant was sentenced to Natural Life for murder 30 consecutive years for aggravated sexual assault and 5 years concurrent sentence with the murder sentence on October 16,1997.

2. He appealed his conviction to the appellate court of Illinois and that court affirmed his conviction on Janurary 22, 1999 under appellate no: 97-3959.

3. He petition the Supreme court for leave to appeal and was denied on march 31, 1999.

4. This petition was mailed to the clerk of the circuit court within the time frame enumerated under [725 ILCS 5/122-1].

5. Petitioner's constitutional rights were violated because;(see attached summary and arguments).

6. The defendant was offered a plea bargain and after the defendant had plead guilty to four counts of that plea the Honorable Paul Nealis refused to grant him that plea bargain. The plea bargain was for 70 years.

7. Defendant also states that the court failed to give him all the court's transcripts from July 17, 1993 before the Honorable Judge Housema and that he only received transcripts starting september,1994.

(con,t)

Defendants, pro se, states, under penalty of perjury, that the facts set ut in this petition are true and correct to the best of his knowledge and belief.

Wherefore, the defendants prays that the Circuit Court of Cook County grants him relief of his convictions.

Subscribed and Sworn to before me this _24_ day of _September_ 1999.

_Bobby L. Stephens_
Notary Public

OFFICIAL SEAL
BOBBY L. STEPHENS
Notary Public, State of Illinois
My Commission Expires 1-13-2002

_Raymond Eaves_
Raymond Eaves-N28319

3D428 MCC#

D428.MCC#1

## SUMMARY AND ARGUMENTS

The appellant counsel GREG KOSTER was ineffective by not filing
all of defendants appellant arguments;

1. The court erred in granting the state motion in Limine precluding
   mention the deceased was known by Det. Applewhite as a prostitute.
   By granting the motion, the court precluded the defense from show-
   ing its theory of the case; the defense coundd not use those facts
   which corroborate the contested portions of the statement given to
   the felony review assistant; and unfairly precluded the defense
   from presenting evidence in support of its theory of the case,
   thereby abridging his right to a fair trial.

2. The court erred in its application of Supreme Court Rule 431 and by
   its directives to counsel regarding jury selection process. Supreme
   Court Rule 431 does not mandate the court to first review any direct
   inquirys the counsel may proffer to a respective venireperson.
   The court,s directive did nothing but show confusion towards the
   applicable law of SCR 431, and stopped and effort by counsel to
   direct inquiry to any venireperson, in that were SCR 431 to have
   any real force and effect (allowing proper direct inquiry by counsel
   subject to objections and courts ruling thereon,) then directing
   counsel to first give the court questions in writing to ask the
   respective venire and ordering that any later counsel inquiry first
   to be substantively given to the court abrogates the authority of
   counsel to directly inquire of the venire under SCR 431. The
   historical practice and procedure of voir dire was precluded herein,
   and wholly abrogated, i.e, first came court inquiry, then counsel
   inquiry. That neither counsel chose ever to direct voir dire herein
   has significance.

3. The appellant counsel GREG KOSTER was ineffective in failing to
   say that the court erred in denying wholly defense questions 1
   thru 4 from being proffered to the venire.

4. Mr. koster failed in stating that the court erred in compelling
   modification of defense question 5 (in part as a lesser favored
   alternative to the question being stricken in toto.) At least 28
   venirepersons had been proffered the question.

C000015

None misunderstood it. Two realized not only the implication they
needed to consider scientific and medical evidence, but also they
would be impacted by photographs which of necessity are understat-
edly unpleasant. That their aversion to photographs abridged ful-
filling their duty to weigh all relevent evidence- and that their
aversion could well adversely impact a well-reasoned deliberation
to the verdict- wasthen and continues to be a viable consideration
for choosing a fair and impartial jury. The court had no prior ob-
jection to the form and substance of question 5. Practice before
at least 28 venirpersons showed no syntax issues. Therefore Mr.
Koster was ineffective to raise this violation of SCR 431 which
constitutes a clear abrogation of trial defense counsel privilege
under SCR 431. Your movant reaffirms and asserts the error in the
proscriptions of SCR by the court hereto for complained. Tersely,
courts may not abridge the reinstitution of direct voir dire by
counsel as heretofor enjoyed. The court herein nullified direct
voir dire by it, application of SCR 431 and its directives to
trial counsel for procedure there under.

5. Appellant Counsel was ineffective by not raising that the state
failed to prove the defendant guilty of charges beyond a reason-
able doubt.
The verdicts are against the weight of the evidence. The defendant
was denied due process of the law. The due process clause of the
U.S. Constitution, requires the prosecution to prove every element
of a crime beyond a reasonable doubt. ( IN RE WINSHIP(1970), 397
U.S. 358, 357, 90 S.Ct. 1068,1073,25 L.E.2d 368, 375). Defendant
argues the the Illinois murder statute violates the due process
clause by exonerating the state of its constitutional burden of
proving all elements of first degree murder by requiring a de-
fendant to prove a mitigating factor. Appellant Counsel was in-
effective in failing to raise issues that the defendant was de-
nied equal protection of the laws. Also, the state failed to
prove every material allegation of the offenses beyond a reasonable
doubt. The court erred in giving instructions on behalf of the
state over the defendants objection.

The appellant counsel Greg Koster was ineffective in not filing with
the appellant court that Raymond Eaves did not receive a fair and
impartial trial as guaranteed him under Article 1, Section 2, 6, 8,
and 10 of the Constitution of the United States. He also erred in
not filing the overruling of the defendants motion for a direct
verdict at the close of the State,s case.

The appellant counsel was ineffective in not filing where the State,s
Attorney made prejudicial, inflammatory and erroneous statements in
closing argument designed to arouse the prejudices and passions of the
jury, thereby prejudicing the defendant,s right to a fair trial.
Further the prosecution inserted barely veiled personal attacks against
defense counsel by commentary, e.g. but not limited to "joke"...
"garbage"... "not a chance"..."his rules end at the door"..."our rules
apply in this courtroom"... Also the appellant was ineffective in not
arguing that the verdicts are based upon evidentiary facts which do
not exclude every  reasonable hypothesis consistent with the innocence
of the defendant. The putative facts allued by the prosecution in
arguments to the jury were wholly or substantially refuted by physical,
medical and scientific evidence.

Wherefore for these various reasons and under Article 1, Section 7 and 8,
of the Constitution of the State of Illinois and of the 5th, 6th, 8th
and the 14th amendments of the Constitution of the United States of
America.

_Raymond Eaves_
Petitioner

Subscribed and Sworn to me this _24_ day of _September_ ,1999

_Bobby L. Stephens_
Notary    "OFFICIAL SEAL"
BOBBY L. STEPHENS
Notary Public, State of Illinois
My Commission Expires 1-13-2002

D428 MCC#

## AFFIDIVIT

Subscribed and Sworn that every statement made here is true;

On Janurary 22, 1999 Raymond Eaves was denied a new trial by the state appellate court. I Raymond Eaves feels that I was denied because my counsel failed to file all issues and arguments that was sent to him.

Mr. Greg Koster, filed only one issue that he said had merit but, if my original issues did not have merit they would'nt have been sent to his office to be filed for an appell.

July of 1997 Raymond Eaves was offered a plea bargain by the State's Attorney office. The court wanted Raymond Eaves to plead guilty to each count of a 33 count indictment. Raymond Eaves pleaded guilty to 4 of the 33 count before the Honorable Paul J. Nealis refused to take another guilty plea stating that he could hear a conversation that was about 25 ft. away from him and the conversation between Raymond Eaves and his counsel Frank Rago was at a whisper. The plea bargain was for 70 years for the entire 33 count indictment.

Raymond Eaves feels that he did'nt have a fair appellate hearing and that post conviction relief should be granted for these reasons.

Subscribed and Sworn to before me this 29th day of September 1999.

Notary Public

"OFFICIAL SEAL"
Jennifer K Cavaness
Notary Public, State of Illinois
My Commission Exp. 4/20/2003

RAYMOND EAVES N28319
MENARD CORRECTIONAL CENTER
P.O. BOX 711
MENARD, ILLINOIS
62259

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT - CRIMINAL DIVISION**

RAYMOND EAVES, )
                Petitioner, )
                )   NO. 93 CR 19046    **FILED**
vs. )
                      )                            JUN 25 2001
PEOPLE OF THE STATE OF ILLINOIS, )
                Respondent. )               DOROTHY BROWN
                                                  CLERK OF CIRCUIT COURT

## PARTIAL SUPPLEMENTAL POST CONVICTION PETITION

PETITIONER'S SENTENCE VIOLATES *APPRENDI V. NEW JERSEY* AND PETITIONER
MUST BE RESENTENCED

       Following a jury trial, Raymond Eaves was found guilty of three counts of first degree

murder, one count of aggravated criminal sexual assault, and one count of robbery. Petitioner was

sentenced to a term of natural life in prison on one count of first degree murder, to a consecutive

term of 30 years for aggravated criminal sexual assault, and to a 5 year term for robbery.

       Under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed 2d 435, 455 (2000) and *People v.*

*Beachem*, 317 Ill. App. 3d 693, 740 N.E.2d 389 (1st Dist. 2000), Raymond Eaves' consecutive

sentences for Murder and aggravated criminal sexual assault must be vacated and he must be

resentenced to concurrent terms of imprisonment. In *Apprendi*, the United States Supreme Court

held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime

beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a

reasonable doubt." 147 L.Ed 2d at 455. *Contra, People v. Michael Wagener*, (Illinois Supreme

Court Docket No. 88843 filed June 1, 2001). However, *Wagener* only addresses the narrow issue

of the constitutionality of 730 ILCS 5/5-8-4(b) and does not reach the issue of the constitutionality

of the other consecutive sentencing provisions of the Illinois Criminal Code. Moreover, the

decision acknowledges that *"Apprendi* contains statements which on their face might appear to support the conclusion that the jury must find beyond a reasonable doubt each and every fact which might have any real-world impact on the length of time the defendant might spend in prison. (Slip opinion at p. 15)

In addition, any aggravating circumstances which the Court used to imposed a natural life sentence were not charged in the indictment or presented to the trier of fact.[1] Here, petitioner was sentenced to life imprisonment for the murder of one person. Under *Apprendi* and *Beachem*, petitioner's sentence must be vacated and he must be resentenced within the normal range for murder at the time of the crime, which was 20 to 60 years. The Illinois sentencing statute providing for life imprisonment for murder without parole is unconstitutional in itself and as applied to petitioner. The Illinois Appellate Court has held that *Apprendi* applies to life sentences in murder cases and also that the prescribed maximum penalty for murder did not include life imprisonment when only one person was killed. *People v. Lee*, 318 Ill. App. 3d 417, 743 N.E.2d 1019 (1ª Dist. 2000); see *People v. Joyner*, 317 Ill. App.3d 93, 739 N.E.2d 594 (2d Dist. 2000) (Declaring the current version of sec. 5-8-1-(a)(1)(b) unconstitutional). Thus, since only one person was killed, the maximum penalty for petitioner does not include life imprisonment.

Accordingly, petitioner asserts that based on the United States Supreme Court's ruling in *Apprendi*, the statutory provisions used to enhance his sentence stand in direct violation of the Fourteenth and Sixth Amendments to the United States Constitutions and Article 1, sections 2 and 8 of the Illinois Constitutions and are therefore unconstitutional on its face. Petitioner further asserts that the *Apprendi* ruling should apply retroactively on collateral review. *People v. Beachem*, 317 Ill. App. 3d 693, 740 N.E. 2d 389, 391-97 (1ª Dist. 2000) , *contra, People v. Kizer*, 318 Ill. App. 3d

---

[1]This petition is prepared without benefit of the sentencing transcript. This argument will be supplemented when the transcript is obtained.

238, 741 N.E.2d 1103, 1111-1115 (1st Dist 2000). Moreover, established Illinois law holds that statutes that violate the state constitution are void ab initio. *People v. Gersch,* 135 Ill. App. 384, 553 N.E.2d 281 (1990); *People v. Zeisler,* 125 Ill. 2d 42, 531 N.E.2d 24 (1988).

WHEREFORE, Petitioner requests that the order of sentence entered herein be vacated and that the consecutive sentences be ordered to run concurrently. Petitioner also requests that his sentence of natural life be vacated and that he be resentenced within the normal term of years for murder at the time of his crime.

Respectfully submitted,

Winona J. Agbabiaka
Assistant Public Defender

Atty. No. 30295
Rita A. Fry, Public Defender
Winona J. Agbabiaka, Assistant Public Defender
69 West Washington - 17th Floor
Chicago, IL 60602
(312) 603-8300

C000026

*Pm: 104*

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) | SS |
| COUNTY OF COOK | ) | |

### IN THE CIRCUIT COURT OF COOK COUNTY
### CRIMINAL DIVISION

| | | |
|---|---|---|
| RAYMOND EAVES | ) | POST CONVICTION NUMBER 7526 |
| | ) | |
| Petitioner, | ) | INDICTMENT NUMBER 93CR 19046 |
| | ) | |
| - VS - | ) | |
| | ) | |
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Honorable Judge Nealis |
| | ) | Presiding. |
| Respondent. | ) | |

### NOTICE OF FILING

**F I L E D**

JUN 2 8 2001 (PS)

**DOROTHY BROWN**
**CLERK OF CIRCUIT COURT**

TO:        Joseph Nigro, ASA and
Cook County States Attorney's Office
Special Remedies Unit
2650 South California Avenue
Suite 14C50
Chicago, Illinois 60608

PLEASE TAKE NOTICE that on June 25, 2001 I filed with the Clerk of the Circuit Court of Cook County, Illinois, Criminal Division, the attached Partial Supplemental Post-Conviction Petition at the Criminal Courts Building at 2650 South California, Chicago, Illinois.

**F I L E D**

JUN 2 5 2001

**DOROTHY BROWN**
**CLERK OF CIRCUIT COURT**

Respectfully submitted,

RITA A. FRY, #30295
Public Defender of Cook County

BY: WINONA AGBABIAKA
Assistant Public Defender

I, Winona Agbabiaka, certify that I served the attached document on the parties noted above by personal delivery/facsimile transmission/first class mail, proper postage paid, before 5:00 p.m.

BY: WINONA AGBABIAKA
Assistant Public Defender

STATE OF ILLINOIS            )
                             )        SS
COUNTY OF COOK               )

## IN THE CIRCUIT COURT OF COOK COUNTY
## CRIMINAL DIVISION

RAYMOND EAVES                    )
                                 )
                                 )
            Petitioner,          )          93CR19046
                                 )
   - VS -                        )
                                 )
PEOPLE OF THE STATE OF ILLINOIS, )
                                 )
            Respondent.          )

**FILED**

SEP 1 5 2005

**DOROTHY BROWN**
CLERK OF CIRCUIT COURT

Honorable Judge Paul J. Nealis
Presiding.

## SECOND SUPPLEMENTAL PETITION FOR POST CONVICTION RELIEF

Now comes, the Petitioner, Raymond Eaves, by his counsel, Edwin A. Burnette, the Public Defender of Cook County, through Winona J. Agbabiaka, Assistant Public Defender and pursuant to the Illinois Post Conviction Hearing Act, 725 ILCS 5/122-1 et seq., presents this Second Supplemental Petition for Post Conviction relief, which augments and does not replace the previously filed *pro se* Petition for Post Conviction Relief and his Partial Supplemental Petition for Post Conviction Relief.

In support of thereof, Petitioner states as follows:

## PROCEDURAL HISTORY

1. Petitioner is currently incarcerated in Menard Correctional Center under Reg. No. N28319 serving a sentence of Life Imprisonment.

2. Following a jury trial before Judge Paul Nealis, defendant was found guilty of

EXHIBIT M

Murder, Aggravated Criminal Sexual Assault and Robbery.

3. The defendant waived jury for the eligibility phase of his trial and was found eligible for the death penalty.

4. On October 17, 1997, the court sentenced Petitioner to Life Imprisonment for the Offense of Murder, a consecutive sentence of 30 years for Aggravated Criminal Sexual Assault and a concurrent 5 year term for Robbery.

5. Petitioner's convictions were affirmed on appeal on January 12, 1999 in appeal No. 1-97-3959.

6. Petitioner filed his *pro se* petition for Post Conviction relief on October 5, 1999.

7. In January 2000, the Cook County Public Defender was appointed to represent petitioner.

8. On April 11, 2001, this case was reassigned to Assistant Public Defender Winona J. Agbabiaka.

9. On June 25, 2001, a partial Supplemental Post Conviction Petition based on *Apprendi* was filed on Petitioner's behalf.

-2-

C000047

<u>CONSTITUTIONAL ISSUES</u>

I.

PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO
A FAIR TRIAL WHERE THE COURT DENIED HIM AN
OPPORTUNITY TO INTRODUCE EVIDENCE THAT THE VICTIM
IN THIS CASE WAS A KNOWN PROSTITUTE AND CONVICTED
FELON.

The key issue at Petitioner's trial for Aggravated Criminal Sexual Assault was whether

victim Denise Shelby consented to an act of sexual intercourse with Raymond Eaves. The State

was allowed to present Ms. Shelby to the jury as a 28 year old young lady who was neatly

groomed, planned on attending beauty school and had lunch with her mother on the day of her

death. Trial Transcript P. E-23. While that testimony may have been true, it was also true that

Denise Shelby had at least one prostitution conviction, multiple arrests, including three arrests

for prostitution, and numerous arrests for loitering. (Exhibit A). Ms. Shelby was also a

convicted felon having been convicted of Forgery in case No. 91600580001 on November 22,

1991 and sentenced to 2 years Illinois Department of Corrections by Judge Will Gierach. Ms.

Shelby also had a conviction for Possession of Controlled Substance in case No. 92CR1579901

on January 13, 1993 by the Honorable Judge Paul Nealis and was sentenced to 1 year in the

Illinois Department of Corrections.

In finding Petitioner guilty of the Aggravated Criminal Sexual Assault count, the jury

answered the question regarding the consent defense raised by Petitioner at trial in the negative.

If the jury were allowed to view a more complete picture of Denise Shelby, they might have

found that the State failed to disprove that Ms. Shelby consented to an act of sexual intercourse

C000048

in exchange for drugs. The State in its closing argument stated that the death photos of the

victim had Raymond Eaves' name on it in the same way that an artist signs his artwork. Trial

Transcript P. F - 73. However, the jury was not allowed to see the complete picture in this case

when the court granted the State's Motion in Limine and barred the defense from presenting

evidence which would corroborate the fact that Ms. Shelby was a known prostitute and drug

user. The complete picture would have lead to a finding of not guilty on the charge of

Aggravated Criminal Sexual Assault.

Although the rape shield statute (725 ILCS 115-7) has generally barred testimony

regarding the victim's prior sexual history, this is not your normal date rape situation. In this

case, unlike the typical case the statute was designed to cover, the victim had a history of both

drug use and prostitution which corroborated Petitioner's statement that he made an agreement

with Ms. Shelby for sex in exchange for drugs. In the interest of justice and a fair trial, the

statutory bar should be overruled and the Petitioner allowed to fully present his theory of the

case. Petitioner had no other way of presenting uncontradicted evidence concerning the victim's

reputation in the community than through Detective Applewhite and the records from the

victim's prior court cases. The trial court's granting of the State's Motion in Limine denied

Petitioner his constitutional right to fully explore his theory of the case and present a full and fair

defense before the jury, therefore denying his right to a fair trial under the Sixth and Fourteenth

Amendments and Article I, section 8 of the Illinois Constitution. See *People v. Sandoval*, 135

Ill. 2d 159, 532 N.E. 2d 726 (1990). Accordingly, Petitioner requests a new trial or in the

alternative, an evidentiary hearing.

-4-

**C000049**

II.

PETITIONER WAS DENIED HIS RIGHT TO DUE PROCESS AND A
FAIR TRIAL BY THE UNCONSTITUTIONAL APPLICATION OF
THE RAPE SHIELD ACT TO HIS CASE.

The rape shield law cannot be used to deprive a criminal defendant of his federal constitutional right to confront the witnesses against him or his right to present evidence in his defense. The constitutionality of the rape shield act as applied to preclude particular exculpatory evidence remains subject to examination on a case by case basis. *Sandavol v. Acevedo*, 996 F.2d 145 (7th Circuit 1993); *Stephans v. Miller*, 13 F.3d 998 (7th Circuit 1994). In the present case, Petitioner was denied his right to fully present a defense where he was precluded from presenting corroborating evidence that Denise Shelby consented to an act of sexual intercourse in exchange for drugs where she had prior convictions for both prostitution and drug possession. At hearing on the State's Motion in Limine, petitioner's trial attorney made an offer of proof that Detective Applewhite would testify that Denise Shelby was a known area prostitute. Transcript p. A21-22. Despite this offer of proof, the court denied Petitioner's request to introduce evidence on this subject. In addition, the court denied Petitioner an opportunity to introduce evidence that Ms. Shelby had a conviction for Possession of Controlled Substance before Judge Nealis. In sum, Petitioner was denied his Sixth Amendment right to have compulsory process for obtaining witnesses in his favor under both the Illinois and United States Constitutions by the unconstitutional application of the rape shield act to his case. *U.S. CONST. Amend. VI; Ill.*

-5-

C000050

*CONST. Amend. VI.* Accordingly, Petitioner requests a new trial or in the alternative, an

identiary hearing.

III.

> PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE
> ASSISTANCE OF APPELLATE COUNSEL WHERE COUNSEL
> FAILED TO RAISE THE ISSUE OF THE TRIAL JUDGE'S DENIAL
> OF PETITIONER'S RIGHT TO A FAIR TRIAL AND THE
> UNCONSTITUTIONAL APPLICATION OF THE RAPE SHIELD
> ACT TO HIS CASE.

Petitioner incorporates by reference issues I and II above. While appellate counsel is not

obligated to brief and argue every issue on appeal, here appellate counsel only argued one issue -

the trial court's refusal to give an involuntary manslaughter instruction and overlooked all other

trial errors. Under the circumstances outlined in issues I and II above, appellate counsel's failure

orief the issue of the trial judge's denial of Petitioner's right to a fair trial and the

unconstitutional application of the rape shield act to his case was patently wrong. *People v.*

*Caballero,* 126 Ill. 2d 248, 269-270, 128 Ill. Dec. 1, 533 N.E.2d 1089 (1989). Accordingly,

Petitioner requests a new trial or in the alternative, an evidentiary hearing on the ineffective

assistance of appellate counsel under the Sixth and Fourteenth Amendments and Article I, section

8 of the Illinois Constitution.

WHEREFORE, Petitioner Raymond Eaves respectfully requests that this Honorable Court

grant him the following relief on his post conviction petitions:

1.     That his conviction be vacated and that he be given a new trial; or

2.     That an evidentiary hearing be held on the *pro se* and Supplemental petitions; or

-6-


3.     That he be granted such other and further relief as this Court deems appropriate.

Respectfully submitted,

Edwin A. Burnette, Cook County Public Defender

BY: _____

Winona J. Agbabiaka

Assistant Public Defender

Atty. No. 30295
Edwin A. Burnette, Public Defender
Winona J. Agbabiaka, Assistant Public Defender
69 West Washington - 15th Floor
Chicago, Illinois 60602
(312) 603-0600

C000052

## ALL CRIMINAL INDEX

| SEQ | NAME | CASE# | IR# | CB# | FBI# | SID# |
|-----|------|-------|-----|-----|------|------|
| 01 | SHELBY DENISE | 8650025960 1 | 0000000 | 000000000 | 000000000 | 000000000 |
| 02 | SHELBY DENISE | 8811849990 1 | 0848808 | 8024675 | 000000000 | 000000000 |
| 03 | SHELBY DENISE | 8812270360 1 | 0848808 | 8044037 | 000000000 | 000000000 |
| 04 | SHELBY DENISE | 8860218390 1 | 0000000 | 000000000 | 000000000 | 000000000 |
| 05 | SHELBY DENISE | 8960034850 1 | 0000000 | 6419686 | 000000000 | 000000000 |
| 06 | SHELBY DENISE | 9106606710 1 | 0000000 | 8791958 | 835025CA3 | 002484255 |
| 07 | SHELBY DENISE | 9160058000 1 | 0000000 | 8791958 | 835025CA3 | 002484255 |
| 08 | SHELBY DENISE E | 9260049570 1 | 0000000 | 9543058 | 024842550 | 024842550 |
| 09 | SHELBY DENISE | 8460035580 1 | 0000000 | 5071086 | 000000000 | 024842550 |
| 10 | SHELBY DENISE | 8650075490 1 | 0000000 | 3604929 | 000000000 | 024842550 |
| 11 | SHELBY DENISE | 8960035960 1 | 0000000 | 000000000 | 000000000 | 000000000 |
| 12 | SHELBY DENISE E | 8960084300 1 | 0000000 | 000000000 | 000000000 | 000000000 |
| 13 | SHELBY DENISE | 8960084300 1 | 0000000 | 000000000 | 000000000 | 000000000 |
| 14 | SHELBY DENISE | 8960140410 1 | 0000000 | 8212774 | 000000000 | 000000000 |
| 15 | SHELBY DENISE | 9060041080 1 | 0000000 | 3733542 | 835025CA3 | 024842550 |
| 16 | SHELBY DENISE | 9060085490 1 | 0000000 | 000000000 | 000000000 | 024842550 |
| 17 | SHELBY DENISE | 9060109930 1 | 0000000 | 3958745 | 000000000 | 000000000 |
| 18 | SHELBY DENISE | 9106607201 1 | 0000000 | 000000000 | 835025CA3 | 000000000 |
| 19 | SHELBY DENISE | 9160058010 1 | 0000000 | 8198706 | 835025CA3 | 000000000 |
| 20 | SHELBY DENISE | 9160058020 1 | 0000000 | 000000000 | 000000000 | 000000000 |
| | SHELBY DENISE E | 92CR1579901 | 000000 | 229543061 | 835025CA3 | 024842550 |

<< SEARCH-BY-NAME >>

PF3=RETURN; PF7=BACKWARD; PF8=FORWARD; PF10=LEFT; F11=RIGHT; ENTER=DOCKET

P v. Eanes 93CR19046
Post Conviction

Exhibit A

C000053

```
{        }
SEQ  NAME
01 SHELBY DENISE E
02 SHELBY DENISE E

ALL CRIMINAL INDEX
CASE#         IR#        CB#
9260378901    000000    5377812
9260163900?   0000000   9192634

FBI#              SID#
000000000   000000000
835025CA3   002484255

PF3=RETURN; PF7=BACKWARD; PF8=FORWARD; PF10=LEFT; F11=RIGHT; ENTER=DOCKET
*END-OF-SEARCH*
```

C000054

COOK COUNTY CIRCUIT COURT

GIERACH, WILL E.
MARKHAM ROOM 107

07/01/91 OFF CALL/WARR OUTSTANDING
GIERACH, WILL E.
MARKHAM ROOM 107

07/13/91 SUPERSEDED BY INFORMATION YR 660 MTH 67 DAY 101
WASILEWSKI, JOHN A.
MARKHAM ROOM 099

07/13/91 OFF CALL                                              CALL
WASILEWSKI, JOHN A.
MARKHAM ROOM 099

*** END OF DOCKET FOR   9160058O001

PF3=RETURN; PF7=UP; PF8=DOWN; CLEAR=EXIT

PAGE 0003 OF 0003

C000055

COOK COUNTY CIRCUIT COURT

DAY 001

C001

11/22/91   JDMT ON FINDING/VERDICT/PLEA
GIERACH, WILL E.
MARKHAM ROOM 107

11/22/91   DEF SENTENCED TO PROBATION
GIERACH, WILL E.
MARKHAM ROOM 107

11/22/91   PROB TERMINATED- SATISFACTORY
GIERACH, WILL E.
MARKHAM ROOM 107

11/22/91   DEF ADVISED OF RIGHT TO APPEAL
GIERACH, WILL E.
MARKHAM ROOM 107

*** END OF DOCKET FOR  91C6067201

PF3=RETURN; PF7=UP; PF8=DOWN; CLEAR=EXIT

PAGE 0006 OF 0006

C000056

COOK COUNTY CIRCUIT COURT

```
MARKHAM ROOM 107                                                           C001
11/22/91  JGMT ON FINDING/VERDICT/PLEA
GIERACH, WILL E.
MARKHAM ROOM 107

11/22/91  DEF SENTENCED ILLINOIS DOC           YR 002      YR 002    C001
GIERACH, WILL E.
MARKHAM ROOM 107
1YR MSR

11/22/91  DEF SENT C/O CONS AND ACTUA                      DAY 202   DAY 202
GIERACH, WILL E.
MARKHAM ROOM 107

11/22/91  LET MITTIMUS ISSUE/MITT TO ISS       DAY 202
GIERACH, WILL E.
MARKHAM ROOM 107

11/22/91  DEF ADVISED OF RIGHT TO APPEAL                             PAGE 0006 OF 0007
GIERACH, WILL E.
MARKHAM ROOM 107
PF3=RETURN; PF7=UP; PF8=DOWN; CLEAR=EXIT
```

C000057

COOK COUNTY CIRCUIT COURT

04/03/92  ADMONISH AS TO TRIAL IN ABSENT
GAUSSELIN, EDWIN A.
MARKHAM ROOM 102

04/03/92  MOTION STATE - CONTINUANCE -  MS   04/27/92
GAUSSELIN, EDWIN A.
MARKHAM ROOM 102

04/27/92  MOTION STATE - CONTINUANCE -  MS   05/01/92
GAUSSELIN, EDWIN A.
MARKHAM ROOM 102

05/01/92  NOLLE PROSEQUI
GAUSSELIN, EDWIN A.
MARKHAM ROOM 102

*** END OF DOCKET FOR  9260045970I

PF3=RETURN; PF7=UP; PF8=DOWN; CLEAR=EXIT

C001

PAGE 0002 OF 0002

C000058

COOK COUNTY CIRCUIT COURT

YR 001    C001

PAGE 0006 OF 0006

NEALIS, PAUL J.
MARKHAM ROOM 106

01/13/93  CREDIT DEFENDANT FOR TIME SERV
NEALIS, PAUL J.
MARKHAM ROOM 106

01/13/93  DEF ADVISED OF RIGHT TO APPEAL
NEALIS, PAUL J.
MARKHAM ROOM 106

01/13/93  DEF SENTENCED ILLINOIS DOC    YR 001
NEALIS, PAUL J.
MARKHAM ROOM 106

***  END OF DOCKET FOR  92CR1579901

PF3=RETURN; PF7=UP; PF8=DOWN; CLEAR=EXIT

C000059

\*\*\* END OF DOCKET FOR 91C6606710I

C O O K   C O U N T Y   C I R C U I T   C O U R T

PF3=RETURN; PF7=UP; PF8=DOWN; CLEAR=EXIT

PAGE 0007 OF 0007

C000060

# HARVEY POLICE PERSONS INCIDENT REPORT    JUVENILE ☐

| ENT | 2.CTS | 3.UCC | 4.TAB | 5.LOCATION | | 6.CRN |
|---|---|---|---|---|---|---|
| CITING for a Prostitute | | | 89 | 150th & PaGe    Harvey Illinois | | 9807A90 |

| LAINANT | 8.COMPLAINANT ADDRESS  CITY  STATE | 9.BUSINESS PHONE | 10.HOME PHONE |
|---|---|---|---|
| Shepard | 15301 Dixie HWY Hrvy IL | 331-3030 | |

| | TE (OCC) | 13.TIME | 14.DATE (OCC) | 15.TIME | 16.TIME | CLEARED BY: | DATE | AUG 90 | 11. COMPLAINANT D.O.B. |
|---|---|---|---|---|---|---|---|---|---|
| I | U6 90 0200 | TO | AUG 90 0230 | | | ARREST ☒  SERVICE ☐ | UNFOUNDED ☐ | | |

| 17. RECOVER | TOTAL NUMBER ARRESTED | 21. STRANGER TO STRANGER | 22. PREMISE | STREET | SVC.STATION | COMMERCIAL | RESIDENCE |
|---|---|---|---|---|---|---|---|
| C.STATE | 19.ADULT | 20.JUV. | YES  NO  UNK. | ☒ | STORE | BANK | | |
| STOLEN | 24.TV,RADIO,ETC. | 25.HOUSEHOLD GOODS | 26.VEHICLES | 27.U.S.CURRENCY | 28.JEWELRY | 29.TOOLS | |
| COVERED | | | | | | | |
| LOST | 30.CLOTHING,FURS | 31.OFFICE EQUIP. | 32.VEHICLE ACC. | 33.FIREARMS | 34.CONSUMER GOODS | 35.OTHER | |

| NAME | 37. ADDRESS  CITY  STATE | 38.BUSINESS PHONE | 39.HOME PHONE |
|---|---|---|---|

| D.O.B. | 41.AGE | 42.SEX | 43.RACE | 44.HGT. | 45.WGT. | 46.HAIR | 47.EYES | 48.SKIN | 49.TYPE OF WEAPON | 1 GUN | 2 CUTTING TOOL | 3 HANDS, FIST. ETC. 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

| ALIAS | 51.SOC.SEC.NO. | 51A.OCCUPATION | 52.PREV.VICTIM | 53.IDENTIFY SUSPECT | 54.APPARENT RESULT |
|---|---|---|---|---|---|
| | | | YES  NO | YES  NO | DEATH  INJURY  ILLNESS  NONE |

| INJURIES | 55.REMOVED TO: | 57.REMOVED BY. |
|---|---|---|

| DOCTOR | 59.PARENTS OR GUARDIAN | 60. ADDRESS  CITY  STATE | 61.BUSINESS PHONE | 62.HOME PHONE |
|---|---|---|---|---|

WANTED ☐    SUSPECT ☒    MISSING ☐    WITNESS ☐    ARRESTED ☒    OTHER:

| NAME | 65. ADDRESS  CITY  STATE | 66.BUSINESS PHONE | 67.HOME PHONE |
|---|---|---|---|
| Shelby Denise | 29 W Circle Dr DixMar IL | | 371 6077 |

| D.O.B. | 69.AGE | 70.SEX | 71.RACE | 72.HGT. | 73.WGT. | 74.HAIR | 75.EYES | 76.SKIN | 77.DISTINGUISHING CHARACTERISTICS, SCARS, ETC. |
|---|---|---|---|---|---|---|---|---|---|
| 5-10-65 | 25 | F | 3 | 50 | 105 | Blk | Blu | Drk | |

| ALIAS | 79.OCCUPATION | 80. SOC. SEC. NO. | 81.DATE AND TIME MISSING |
|---|---|---|---|
| | | 396622255 | |

| CLOTHING | 83.POSSIBLE ASSOCIATES | 84.POSSIBLE DESTINATION |
|---|---|---|
| Blue Jeans, Red & Blue Shirt | | |

| IF MISSING BEFORE, WHERE LOCATED | 86.INTEREST / PERSONAL HABITS, ETC. |
|---|---|

| PARENTS CONTACTED BY: | 88.DATE | 89.TIME | 90.JUVENILE OFFICER CONTACTED |
|---|---|---|---|

| RELEASED TO | 92.DATE | 93.TIME |
|---|---|---|

| I WILL PROSECUTE  94. ☐  I DO  I WILL NOT PROSECUTE  ☐ I DO NOT | AUTHORIZE THE RELEASE OF INFORMATION TO THE NEWS MEDIA OTHER THEN THAT REQUIRED BY LAW. | 97.SIGNATURE | ☐VICTIM  ☐COMPLAINANT |
|---|---|---|---|

Officer Shepard While on patrol At 150th St and PaGe
observed the Suspect (Shelby Denise E) a Known
Prostitue, stoP Automobiles Going south bound on
PaGe St for Purposes of Prostitution. The Suspect
Was arrested, Court Date is Sept 18 1990 Room
204 At 1030 hrs. The Incident occurred between the
hours of 0200 thru 0230 on AuG 1 1990.

FORM 524

CRN 9807A90

ANDREWS PRINTING, 333-0536

| PORTING OFFICER | STAR NO. | 100. SUPPORTING OFFICER | STAR NO. | 101. DATE REPORT COMPLETED | 102. TIME COMPLETED |
|---|---|---|---|---|---|
| cvo W L Shepard | 194 | | | AuG 1 1990 | 0322 hrs |

# HARVEY POLICE PERSONS INCIDENT REPORT   JUVENILE ☐

| DEPT LOITERING | 2.CTS | 3.UCC | 4.TAB 44 | 5.LOCATION 147 & PAGE | | | 6.CRN 4358 A90 |
|---|---|---|---|---|---|---|---|

**1.PLA NANT** SFR. J LLEWELLYN | **8.COMPLAINANT ADDRESS** 15301 | **CITY** DIXIE HWY | **STATE** Harvey, Illinois | **9.BUSINESS PHONE** 333-3030 | **10.HOME PHONE** 371-3030

| 12.DATE (OCC) 4-7-90 | 13.TIME 0902 | TO | 14.DATE (OCC) 4-7-90 | 15.TIME 0902 | 16 ARREST ☒ | DATE 4-7-90 CLEARED BY: SERVICE ☐ UNFOUNDED ☐ | 17.COMPLAINANT D.O.B. |

FT ☐ RECOVER ☐ C.STATE NTY O.OTHER

| 18.ADULT | 19.JUV | TOTAL NUMBER ARRESTED | 21.STRANGER TO STRANGER YES☐ NO☐ UNK☐ | 22.PREMISE ☒STREET STORE | SVC.STATION BANK | COMMERCIAL | RESIDENCE |

STOLEN / RECOVERED / LOST

| 24.TV.RADIO.ETC. | 28.HOUSEHOLD GOODS | 26.VEHICLES | 27.U.S.CURRENCY | 29.JEWELRY | 29.TOOLS |
| 30.CLOTHING,FURS | 31.OFFICE EQUIP. | 32.VEHICLE ACC. | 33.FIREARMS | 34.CONSUMER GOODS | 35.OTHER |

| i.NAME | 37.ADDRESS CITY STATE | 38.BUSINESS PHONE | 39.HOME PHONE |
| i.D.O.B. | 41.AGE | 42.SEX | 43.RACE | 44.HGT. | 45.WGT. | 46.HAIR | 47.EYES | 48.SKIN | 49.TYPE OF WEAPON | 1 GUN 2 CUTTING TOOL 3 HANDS,FIST,ETC. 4 |
| i.ALIAS | 51.SOC.SEC.NO. | 51A.OCCUPATION | 52.PREV VICTIM YES NO | 53.IDENTIFY SUSPECT YES NO | 54.APPARENT RESULT DEATH INJURY ILLNESS NONE |
| i.INJURIES | 56.REMOVED TO: | 57.REMOVED BY: |
| i.DOCTOR | 59.PARENTS OR GUARDIAN | 60.ADDRESS CITY STATE | 61.BUSINESS PHONE | 62.HOME PHONE |

WANTED ☐   SUSPECT ☐   MISSING ☐   WITNESS ☐   ARRESTED ☒   OTHER:

| i.NAME SHELBY DENISE A | 63.ADDRESS 29 CIRCLE CITY DIXMOOR STATE ILLINOIS | 66.BUSINESS PHONE | 67.HOME PHONE 371-6077 |
| i.D.O.B. 5-10-65 | 68.AGE 24 | 70.SEX F | 71.RACE B | 72.HGT. 5-2 | 73.WGT. 105 | 74.HAIR BLK | 75.EYES BRO | 76.SKIN DARK | 78.DISTINGUISHING CHARACTERISTICS,SCARS,ETC. |
| i.ALIAS NEECY | 59.OCCUPATION | 60.SOC.SEC.NO. 32-62253 | 81.DATE AND TIME MISSING |
| i.CLOTHING WHITE JUMP SUIT | 83.POSSIBLE ASSOCIATES | 84.POSSIBLE DESTINATION |

HLP PING BEFORE, WHERE LOCATED | 86.INTEREST / PERSONAL HABITS, ETC.

PARENTS CONTACTED BY: | 88.DATE | 89.TIME | 90.JUVENILE OFFICER CONTACTED

RELEASED TO | 92.DATE | 93.TIME

| I WILL PROSECUTE ☒ / I WILL NOT PROSECUTE | 94. I DO ☐ / I DO NOT ☐ AUTHORIZE THE RELEASE OF INFORMATION TO THE NEWS MEDIA OTHER THEN THAT REQUIRED BY LAW. | 97.SIGNATURE | VICTIM / COMPLAINANT #176 |

ON 7APRIL 90 AT APPROX. 0907 HRS. R/O (LLEWELLYN) WAS IN THE AREA OF 147 & PAGE ST. AND OBSERVED, SUSPECT (SHELBY DENISE A F/B 5-10-65) STANDING ON CORNER OF 147 & SPAULDING SUSPECT (SHELBY) HAD BEEN WARNED IN REGUARDS TO LOITERING ON NUMEROUS OCCASIONS, AT 150th & PAGE +152nd & PAGE ST. ON 7APRIL 90 AT 08.30 & 0845 HRS STANDING BY BUILDINGS. SUSPECT (SHELBY) WAS PLACED INTO CUSTODY AND TRANSPORTED TO H.P.D. FOR BOOKING, PENDING COURT DATE 24APRIL 90 AT 1030AM IN ROOM 201, 1650 KEDZIE PKWY. MARKHAM ILL. & ISSUED CC 648-259.

| REPORTING OFFICER | STAR NO. 176 | 100.SUPPORTING OFFICER | STAR NO. | 101.DATE REPORT COMPLETED 7APRIL 90 | 102.TIME COMPLETED 10'S AM |
| APPROVING SUPERVISOR | STAR NO. | 104.SUPPORTING OFFICER | STAR NO. | 105.REPORT REVIEWED BY: |

# HARVEY POLICE PERSONS INCIDENT REPORT   JUVENILE ☐

| 1.ENT | 2.CTS | 3.UCC | 4.TA# | 6.LOCATION | 6.CRN |
|---|---|---|---|---|---|
| PROSTITUTION | | | | 154th + PAULINA | 12843A90 |

| 7.COMPLAINANT | 8.COMPLAINANT ADDRESS | CITY | STATE | 9.BUSINESS PHONE | 10.HOME PHONE | 11.COMPLAINANT D.O.B. |
|---|---|---|---|---|---|---|
| 1ST J. LEWELLYN #223 | 15301 DIXIE HWY | HARVEY | ILL | 331-3030 | | |

| 12.DATE (OCC) | 13.TIME | 14.DATE (OCC) | 15.TIME | 16 CLEARED BY: ARREST ☒ | DATE | SERVICE ☐ UNFOUNDED ☐ |
|---|---|---|---|---|---|---|
| XT90 | 2007 TO | | | | | |

| 17.PPTY | RECOVER | TOTAL NUMBER ARRESTED | 21. STRANGER TO STRANGER | 22. PREMISE | ☒ STREET | SVC STATION | COMMERCIAL | RESIDENCE |
|---|---|---|---|---|---|---|---|---|
| 18.C. STATE | 19.ADULT 1 | 20.JUV. | (YES) NO UNK. | | STORE | BANK | | |

STOLEN ☐ RECOVERED ☐ LOST ☐

| 24.TV, RADIO, ETC. | 25.HOUSEHOLD GOODS | 26.VEHICLES | 27.U.S.CURRENCY | 28.JEWELRY | 29.TOOLS |
| 30.CLOTHING, FURS | 31.OFFICE EQUIP. | 32.VEHICLE ACC. | 33.FIREARMS | 34.CONSUMER GOODS | 36.OTHER |

| NAME | 37. ADDRESS CITY STATE | 38.BUSINESS PHONE | 39.HOME PHONE |

| D.O.B. | 41.AGE | 42.SEX | 43.RACE | 44.HGT. | 45.WGT. | 46.HAIR | 47.EYES | 48.SKIN | 49.TYPE OF WEAPON | 1 GUN | 2 CUTTING TOOL | 3 HANDS, FIST, ETC. | 4 |

| ALIAS | 51.SOC.SEC.NO. | 51A.OCCUPATION | 52. PREV. VICTIM YES NO | 53. IDENTIFY SUSPECT YES NO | 54. APPARENT RESULT DEATH INJURY ILLNESS NONE |

INJURIES | 55.REMOVED TO: | 57.REMOVED BY:

DOCTOR | 58.PARENTS OR GUARDIAN | 59. ADDRESS CITY STATE | 61.BUSINESS PHONE | 62.HOME PHONE

WANTED ☐  SUSPECT ☐  MISSING ☐  WITNESS ☐  ARRESTED ☒  OTHER:

| NAME | 63. ADDRESS CITY STATE | 64.BUSINESS PHONE | 67.HOME PHONE |
|---|---|---|---|
| SHELBY, NEISE | 29 CIRCLE DR. DIXMOOR ILL | | |

| D.O.B. | 68.AGE | 70.SEX | 71.RACE | 72.HGT. | 73.WGT. | 74.HAIR | 75.EYES | 76.SKIN | 77.DISTINGUISHING CHARACTERISTICS, SCARS, ETC. |
|---|---|---|---|---|---|---|---|---|---|
| 5-10-65 | 25 | F | B | 50 | 105 | BLK | BRO | DARK | |

| ALIAS | 79.OCCUPATION | 80.SOC.SEC.NO. 326602553 | 81.DATE AND TIME MISSING |

| CLOTHING | 82.POSSIBLE ASSOCIATES | 84.POSSIBLE DESTINATION |
|---|---|---|
| BLK TOP + BLUE JEANS | | |

IF MISSING BEFORE, WHERE LOCATED | 85.INTEREST / PERSONAL HABITS, ETC.

PARENTS CONTACTED BY: | 88.DATE | 89.TIME | 90.JUVENILE OFFICER CONTACTED

RELEASED TO | 92.DATE | 93.TIME

| I WILL PROSECUTE ☒ | 95. I DO ☒ I DO NOT ☐ | AUTHORIZE THE RELEASE OF INFORMATION TO THE NEWS MEDIA OTHER THEN THAT REQUIRED BY LAW. | 97.SIGNATURE  VICTIM ☐ COMPLAINANT ☒ |
| I WILL NOT PROSECUTE | | | Oct J. ___ 223 |

On Oct 6th 1990 at approx 2007 hours. R/I was working undercover in the area of 154th + Paulina. R/I was backing off of Paulina onto 154th St. When R/I was approached by a F/B (Shelby, Neke - F/B D.O.B. 5-10-65) F/B opened R/I's pass. front door + got into my vehicle. F/B then asked R/I do I want a date, R/I asked F/B what she meant, + F/B related a suck + fuck for $20.00. R/I then announced office + placed Shelby under arrest for prostitution + transported to N.P.D. Court date on 11-9-90 in room 204 at 0700 at 16501 Kedzie Pkwy. Markham, Ill.

| REPORTING OFFICER | STAR NO. 100. SUPPORTING OFFICER | STAR NO. 101. DATE REPORT COMPLETED | 102.TIME COMPLETED |
|---|---|---|---|
| | 223 | | 6 Oct 90 | 2200 |
| APPROVING SUPERVISOR | STAR NO. 104. SUPPORTING OFFICER | STAR NO. 105.REPORT REVIEWED BY | |

FORM 524 ANDREWS PRINTING, 333-0534 (83)

# HARVEY POLICE PERSONS INCIDENT REPORT   JUVENILE ☐

| DENT | 2.CYS | 3.UCC | 4.TAB | 5.LOCATION | 6.CRN |
|---|---|---|---|---|---|
| WARRANT SERVICE | 1 | | 130 | 153 & PAGE | 15468A-9C |

| PLAINTIFF | 7.COMPLAINANT ADDRESS   CITY   STATE | 9.BUSINESS PHONE | 10.HOME PHONE |
|---|---|---|---|
| R. DOMINGUEZ #90 | HARVEY POLICE | 331-3030 | |

| ATE (OCC) | 13.TIME | 14.DATE (OCC) | 15.TIME | 16 CLEARED BY: ARREST ☒  SERVICE ☐  UNFOUNDED ☐  DATE 4 DEC 90 | 17. COMPLAINANT D.O.B. |
|---|---|---|---|---|---|
| DEC 90 | 0436 | TO 4 DEC 90 | 0436 | | |

| FY | RECOVER | TOTAL NUMBER ARRESTED | 21. STRANGER TO STRANGER (YES) NO UNK. | 22. PREMISE | STREET | SVC. STATION | COMMERCIAL | RESIDENCE |
|---|---|---|---|---|---|---|---|---|
| C.STATE | | 18.ADULT  20.JUV. | | | STORE | BANK | | |

| STOLEN | 24.TV.RADIO.ETC. | 25.HOUSEHOLD GOODS | 26.VEHICLES | 27.U.S.CURRENCY | 28.JEWELRY | 29.TOOLS |
|---|---|---|---|---|---|---|
| RECOVERED | 30.CLOTHING,FURS | 31.OFFICE EQUIP. | 32.VEHICLE ACC. | 33.FIREARMS | 34.CONSUMER GOODS | 35.OTHER |
| LOST | | | | | | |

| NAME | 37.ADDRESS   CITY   STATE | 38.BUSINESS PHONE | 39.HOME PHONE |
|---|---|---|---|

| D.O.B. | 41.AGE | 42.SEX | 43.RACE | 44.HGT. | 45.WGT. | 46.HAIR | 47.EYES | 48.SKIN | 49.TYPE OF WEAPON | 1 GUN | 2 CUTTING TOOL | 3 HANDS,FIST.ETC. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

| ALIAS | 51.SOC.SEC.NO. | 51.OCCUPATION | 52.PREV.VICTIM  YES  NO | 63 IDENTIFY SUSPECT  YES  NO | 54.APPARENT RESULT  DEATH  INJURY  ILLNESS  NONE |
|---|---|---|---|---|---|

| INJURIES | 55.REMOVED TO: | 57.REMOVED BY: |
|---|---|---|

| DOCTOR | 58.PARENTS OR GUARDIAN | 60.ADDRESS   CITY   STATE | 61.BUSINESS PHONE | 62.HOME PHONE |
|---|---|---|---|---|

| WANTED ☐ | SUSPECT ☐ | MISSING ☐ | WITNESS ☐ | ARRESTED ☒ | OTHER: |
|---|---|---|---|---|---|

| NAME | 63.ADDRESS   CITY   STATE | 65.BUSINESS PHONE | 67.HOME PHONE |
|---|---|---|---|
| SHELBY  DENISE | 29 W CIRCLE  DIXMOOR IL | | |

| D.O.B. | 69.AGE | 70.SEX | 71.RACE | 72.HGT. | 73.WGT. | 74.HAIR | 75.EYES | 76.SKIN | 77.DISTINGUISHING CHARACTERISTICS,SCARS,ETC. |
|---|---|---|---|---|---|---|---|---|---|
| 5-10-65 | 25 | F | B | 50" | 105 | BLK | BRN | DK | |

| ALIAS | 79.OCCUPATION | 80.SOC.SEC.NO. | 81.DATE AND TIME MISSING |
|---|---|---|---|

| CLOTHING | 82.POSSIBLE ASSOCIATES | 84.POSSIBLE DESTINATION |
|---|---|---|
| BLK & WHT  SUIT | | |

| IF SEEN BEFORE, WHERE LOCATED | 86.INTEREST / PERSONAL HABITS,ETC. |
|---|---|

| PARENTS CONTACTED BY: | 88.DATE | 89.TIME | 90.JUVENILE OFFICER CONTACTED |
|---|---|---|---|

| RELEASED TO | 96.DATE | 97.TIME |
|---|---|---|

| I WILL PROSECUTE | 98. ☐ I DO  ☒ I DO NOT | AUTHORIZE THE RELEASE OF INFORMATION TO THE NEWS MEDIA OTHER THEN THAT REQUIRED BY LAW. | 97.SIGNATURE  ☐ VICTIM  ☒ COMPLAINANT | |
|---|---|---|---|---|
| I WILL NOT PROSECUTE | | | R. DOMINGUEZ 90 | |

ON 4 DEC 90 AT 0436 HRS. OFFICER DOMINGUEZ
ARRESTED DENISE SHELBY AT 153RD & PAGE ON
A HARVEY PROSTITUTION WARRANT - 906010893-01
$2,000.00, 6TH DIST - VIOLATION OF SUPERVISION WARRANT -
906001995, RETAIL THEFT WARRANT - 896003432, $5,000.00
MATTESON -

FORM 524

SHOREWA PRINTING, 333-8534

| PORTING OFFICER | STAR NO.100. SUPPORTING OFFICER | STAR NO.101. DATE REPORT COMPLETED | 102.TIME COMPLETED |
|---|---|---|---|
| R. DOMINGUEZ | 90 | | 4 DEC 90 | 0530 |
| APPROVING SUPERVISOR | STAR NO.104 SUPPORTING OFFICER | | |

# HARVEY POLICE PERSONS INCIDENT REPORT     JUVENILE ☐

| 1.INCIDENT | 2.CTS | 3.UCC | 4.TAB | 5.LOCATION | | 6.CRN |
|---|---|---|---|---|---|---|
| WARRANT SERVICE | 1 | | | 149th AT PAGE | | 10 736C-52 |

| 7.COMPLAINANT | 8.COMPLAINANT ADDRESS   CITY   STATE | 9.BUSINESS PHONE | 10.HOME PHONE |
|---|---|---|---|
| P/O G. SMITH #89 | 15301 DIXIE HARVEY IL | 331-3030 | |

| 2A. | 12.DATE (OCC) | 13.TIME | 14.DATE (OCC) | 15.TIME | 16 CLEARED BY: | DATE | | 17.COMPLAINANT D.O.B. |
|---|---|---|---|---|---|---|---|---|
| | | TO | 6 SEP 92 | 1532 | ARREST ☐  SERVICE ☑  UNFOUNDED ☐ | | | |

| THEFT | RECOVER | TOTAL NUMBER ARRESTED | 21. STRANGER TO STRANGER | 22. PREMISE | STREET | SVC.STATION | COMMERCIAL | RESIDENCE |
|---|---|---|---|---|---|---|---|---|
| CITY  C.STATE COUNTY  D.OTHER | | 18.ADULT   19.JUV. | YES  NO  UNK. | | STORE | BANK | | |

| 23 | STOLEN | 24.TV, RADIO,ETC. | 25.HOUSEHOLD GOODS | 26.VEHICLES | 27.U.S.CURRENCY | 28.JEWELRY | 29.TOOLS |
|---|---|---|---|---|---|---|---|
| | RECOVERED | | | | | | |
| | LOST | 30.CLOTHING,FURS | 31.OFFICE EQUIP. | 32.VEHICLE ACC. | 33.FIREARMS | 34.CONSUMER GOODS | 35.OTHER |

| 36.NAME | 37.ADDRESS  CITY  STATE | 38.BUSINESS PHONE | 39.HOME PHONE |
|---|---|---|---|

| 40.D.O.B. | 41.AGE | 42.SEX | 43.RACE | 44.HGT. | 45.WGT. | 46.HAIR | 47.EYES | 48.SKIN | 49.TYPE OF WEAPON | 1 GUN | 2 CUTTING TOOL | 3 HANDS, FIST, ETC. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | 4 | | | |

| 50.ALIAS | 51.SOC. SEC. NO. | 51A.OCCUPATION | 52. PREV. VICTIM | 53. IDENTIFY SUSPECT | 54. APPARENT RESULT |
|---|---|---|---|---|---|
| | | | YES   NO | YES   NO | DEATH  INJURY  ILLNESS  NONE |

| 55.INJURIES | 56.REMOVED TO: | 57.REMOVED BY: |
|---|---|---|

| 58.DOCTOR | 59.PARENTS OR GUARDIAN | 60.ADDRESS  CITY  STATE | 61.BUSINESS PHONE | 62.HOME PHONE |
|---|---|---|---|---|

| 63. | WANTED ☐ | SUSPECT ☐ | MISSING ☐ | WITNESS ☐ | ARRESTED ☒ | OTHER: |
|---|---|---|---|---|---|---|

| 64.NAME | 65. ADDRESS  CITY  STATE | 66.BUSINESS PHONE | 67.HOME PHONE |
|---|---|---|---|
| SHELBY, DENISE E | 29 W CIPKE DR DIXMOOR | | 371-6077 |

| 40.D.O.B. | 69.AGE | 70.SEX | 71.RACE | 72.HGT. | 73.WGT. | 74.HAIR | 75.EYES | 76.SKIN | 77.DISTINGUISHING CHARACTERISTICS,SCARS,ETC. |
|---|---|---|---|---|---|---|---|---|---|
| 5-10-65 | 27 | F | B | 5'6" | 130 | BK | BR | DK | |

| 78.ALIAS | 79.OCCUPATION | 80. SOC. SEC.NO. | 81.DATE AND TIME MISSING |
|---|---|---|---|
| | | 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 | |

| 82.CLOTHING | 83.POSSIBLE ASSOCIATES | 84.POSSIBLE DESTINATION |
|---|---|---|

| 85. MISSING BEFORE,WHERE LOCATED | 86.INTEREST / PERSONAL HABITS,ETC. |
|---|---|

| 87.PARENTS CONTACTED BY: | 88.DATE | 89.TIME | 90.JUVENILE OFFICER CONTACTED |
|---|---|---|---|

| 91.RELEASED TO | 92.DATE | 93.TIME |
|---|---|---|

| I WILL PROSECUTE  I WILL NOT PROSECUTE | 95. ☐ I DO  ☐ I DO NOT | AUTHORIZE THE RELEASE OF INFORMATION TO THE NEWS MEDIA OTHER THEN THAT REQUIRED BY LAW. | 97.SIGNATURE SMITH #89 | VICTIM ☐  COMPLAINANT ☐ |
|---|---|---|---|---|

IN SUMMARY: ON 6 SEP 92 AT 1532 HRS P/O ARRESTED SHELBY, DENISE E
AT 149th ST. AND PAGE. SHELBY IS CHARGED WITH A VALID WARRANT
#92CR15789 FOR PCS. THE VALID WARRANT HAS $10,000.00/10%
BOND OUT OF DIXMOOR. COURT IS T.B.S.

| 98.REPORTING OFFICER | STAR NO. | 100. SUPPORTING OFFICER | STAR NO. | 101. DATE REPORT COMPLETED | 102.TIME COMPLETED |
|---|---|---|---|---|---|
| SMITH | 89 | | | 6 SEP 92 | 1605 |

# HARVEY POLICE PERSONS INCIDENT REPORT    JUVENILE ☐

| DENT | 2.CTS | 3.UCC | 4.TAB | 5.LOCATION | | 6.CRN |
|---|---|---|---|---|---|---|
| rranT Service | | | | 151 Pake | | 8604C 92 |

| PLAINANT | 8.COMPLAINANT ADDRESS  CITY  STATE | 9.BUSINESS PHONE | 10.HOME PHONE |
|---|---|---|---|
| H = J. R122, 95 | | | |

| TE (OCC) | 13.TIME | TO | 14.DATE (OCC) | 15.TIME | 16 CLEARED BY: ARREST ☒ | DATE SERVICE ☐  UNFOUNDED ☐ | 17. COMPLAINANT D.O.B. |
|---|---|---|---|---|---|---|---|
| -1a-1-Ju 92 | 0528 | | | | | | |

| FT RECOVER | TOTAL NUMBER ARRESTED | 21 STRANGER TO STRANGER | 22. PREMISE | ☒ STREET. | SVC.STATION | COMMERCIAL | RESIDENCE |
|---|---|---|---|---|---|---|---|
| C STATE TY DOTHER | 19.ADULT / 20.JUV. | YES  NO  UNK. | | STORE | BANK | | |

STOLEN ☐
ECOVERED ☐
LOST ☐

| 24.TV, RADIO, ETC. | 25.HOUSEHOLD GOODS | 26.VEHICLES | 27. U.S. CURRENCY | 28. JEWELRY | 29. TOOLS |
|---|---|---|---|---|---|
| 30.CLOTHING, FURS | 31.OFFICE EQUIP. | 32.VEHICLE ACC. | 33.FIREARMS | 34.CONSUMER GOODS | 35.OTHER |

| NAME | 37. ADDRESS  CITY  STATE | 38.BUSINESS PHONE | 39.HOME PHONE |
|---|---|---|---|

| D.O.B. | 41.AGE | 42.SEX | 43.RACE | 44.HGT. | 45.WGT. | 46.HAIR | 47.EYES | 48.SKIN | 49.TYPE OF WEAPON | 1 GUN | 2 CUTTING TOOL | 3 HANDS, FIST, ETC. 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

| ALIAS | 51.SOC.SEC.NO. | 51A.OCCUPATION | 52. PREV.VICTIM YES  NO | 53. IDENTIFY SUSPECT YES  NO | 54. APPARENT RESULT DEATH ☐ INJURY ☐ ILLNESS ☐ NONE ☐ |
|---|---|---|---|---|---|

| INJURIES | 56.REMOVED TO: | 57.REMOVED BY. |
|---|---|---|

| DOCTOR | 59.PARENTS OR GUARDIAN | 60.ADDRESS  CITY  STATE | 61.BUSINESS PHONE | 62.HOME PHONE |
|---|---|---|---|---|

WANTED ☒   SUSPECT ☐   MISSING ☐   WITNESS ☐   ARRESTED ☐   OTHER:

| NAME | 63.ADDRESS  CITY  STATE | 64.BUSINESS PHONE | 65.HOME PHONE |
|---|---|---|---|
| Denise Shelby | 26 w Circle Dr  Axmoor | | |

| D.O.B. | 69.AGE | 70.SEX | 71.RACE | 72.HGT. | 73.WGT. | 74.HAIR | 75.EYES | 76.SKIN | 77.DISTINGUISHING CHARACTERISTICS, SCARS, ETC. |
|---|---|---|---|---|---|---|---|---|---|
| -10 65 | 27 | F | B | 52 | 110 | BLK | BRN | Drk | |

| ALIAS | 79.OCCUPATION | 80. SOC. SEC.NO. | 81.DATE AND TIME MISSING |
|---|---|---|---|

| CLOTHING | 83. POSSIBLE ASSOCIATES | 84.POSSIBLE DESTINATION |
|---|---|---|

| IF V  NG BEFORE, WHERE LOCATED | 86.INTEREST / PERSONAL HABITS, ETC. |
|---|---|

| PARENTS CONTACTED BY: | 88.DATE | 89.TIME | 90.JUVENILE OFFICER CONTACTED |
|---|---|---|---|

| RELEASED TO | 92.DATE | 93.TIME |
|---|---|---|

| I WILL PROSECUTE ☐  I DO  I WILL NOT PROSECUTE ☐  I DO NOT | AUTHORIZE THE RELEASE OF INFORMATION TO THE NEWS MEDIA OTHER THEN THAT REQUIRED BY LAW. | 97.SIGNATURE | ☐ VICTIM  ☐ COMPLAINANT |
|---|---|---|---|

R/O HAD RAN A warrant check on Denise Shelby who R/O HAD stopped for loitering AT 151 Page. THe check came back AS wanted out of Rock Island Co. for failure to appear Bond $1000.00 D #91TR12760 R/O then placed Her INTO custody and HAD Her TRANSfered TO H.P.D. for processing. R/O HAD contacted Rock Island Co. Sheriffs 309-794-1230 who stated that they will not pick Her up the warrant is only to be executed in the Quad City area R/O then released Denise Shelby without charges.

FORM 524

N B3

PEWS PRINTING, 333-6838

| PORTING OFFICER | STAR NO. 100. SUPPORTING OFFICER | STAR NO. 101. DATE REPORT COMPLETED | 102.TIME COMPLETED |
|---|---|---|---|
| Fx | 95 | | 21 July 92 | 0575 |

# HARVEY POLICE PERSONS INCIDENT REPORT

JUVENILE

| 1. INCIDENT | 2. CTS | 3. UCC | 4. TAB | 5. LOCATION | | 6. CRN |
|---|---|---|---|---|---|---|
| | | | | 146th & WOOD | | 39184 |

| 7. COMPLAINANT | 6. COMPLAINANT ADDRESS   CITY   STATE | 9. BUSINESS PHONE | 10. HOME PHONE |
|---|---|---|---|
| JFC. G. SMITH #89 | 15301 DIXIE HARVEY IL | | 331-3030 |

| 11. BEAT | 12. DATE (OCC) | 13. TIME | TO | 14. DATE (OCC) | 15. TIME | 16. CLEARED BY: ARREST ☑  SERVICE ☐  UNFOUNDED ☐ | DATE | 17. COMPLAINANT D.O.S. |
|---|---|---|---|---|---|---|---|---|
| 42 | | | | 2 APR 42 | 959 | | | |

| 18. THEFT | RECOVER | TOTAL NUMBER ARRESTED | 21. STRANGER TO STRANGER | 22. PREMISE | STREET | SVC. STATION | COMMERCIAL | RESIDEN |
|---|---|---|---|---|---|---|---|---|
| A. CITY  C. STATE  B. COUNTY  D. OTHER | | 19. ADULT  1   20. JUV. | YES  NO  UNK. | | STORE | BANK | | |

**VALUE**

| 23. | STOLEN | | 24. TV, RADIO, ETC. | 25. HOUSEHOLD GOODS | 26. VEHICLES | 27. U.S. CURRENCY | 28. JEWELRY | 29. TOOLS |
|---|---|---|---|---|---|---|---|---|
| | RECOVERED | | | | | | | |
| | LOST | | 30. CLOTHING, FURS | 31. OFFICE EQUIP. | 32. VEHICLE ACC. | 33. FIREARMS | 34. CONSUMER GOODS | 35. OTHER |

**VICTIM**

| 36. NAME | | 37. ADDRESS   CITY   STATE | | 38. BUSINESS PHONE | 39. HOME PHONE |
|---|---|---|---|---|---|

| 40. D.O.B. | 41. AGE | 42. SEX | 43. RACE | 44. HGT. | 45. WGT. | 46. HAIR | 47. EYES | 48. SKIN | 49. TYPE OF WEAPON | 1 GUN | 2 CUTTING TOOL | 3 HANDS, FIST, ETC. | 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| 50. ALIAS | 51. SOC. SEC. NO. | 51A. OCCUPATION | 52. PREV. VICTIM  YES  NO | 53. IDENTIFY SUSPECT  YES  NO | 54. APPARENT RESULT  DEATH  INJURY  ILLNESS  NO |
|---|---|---|---|---|---|

| 55. INJURIES | 56. REMOVED TO: | 57. REMOVED BY: |
|---|---|---|

| 58. DOCTOR | 59. PARENTS OR GUARDIAN | 60. ADDRESS   CITY   STATE | 61. BUSINESS PHONE | 62. HOME PHONE |
|---|---|---|---|---|

**AS APPLICABLE**

| 63. | WANTED ☐ | SUSPECT ☐ | MISSING ☐ | WITNESS ☐ | ARRESTED ☑ | OTHER: |
|---|---|---|---|---|---|---|

| 64. NAME | 65. ADDRESS   CITY   STATE | 66. BUSINESS PHONE | 67. HOME PHONE |
|---|---|---|---|
| SHELBY, DENISE E. | 29 W CIRCLE DR DANHOR IL | | 371-6077 |

| 68. D.O.B. | 69. AGE | 70. SEX | 71. RACE | 72. HGT. | 73. WGT. | 74. HAIR | 75. EYES | 76. SKIN | 77. DISTINGUISHING CHARACTERISTICS, SCARS, ETC. |
|---|---|---|---|---|---|---|---|---|---|
| 5-10-65 | 26 | F | B | 5-0 | 120 | BLK | BRN | DK | |

| 78. ALIAS | 79. OCCUPATION | 80. SOC. SEC. NO. | LOCATE AND TIME MISSING |
|---|---|---|---|
| | BEAUTICIAN | 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 | |

| CLOTHING | 81. POSSIBLE ASSOCIATES | 84. POSSIBLE DESTINATION |
|---|---|---|

**JUVENILE**

| 85. IF MISSING BEFORE, WHERE LOCATED | 86. INTEREST / PERSONAL HABITS, ETC. |
|---|---|

| 87. PARENTS CONTACTED BY: | 88. DATE | 89. TIME | 90. JUVENILE OFFICER CONTACTED |
|---|---|---|---|

| 91. RELEASED TO | 92. DATE | 93. TIME |
|---|---|---|

| 95. | ☑ I WILL PROSECUTE  ☐ I WILL NOT PROSECUTE | 96. | ☐ I DO  ☑ I DO NOT | AUTHORIZE THE RELEASE OF INFORMATION TO THE NEWS MEDIA OTHER THEN THAT REQUIRED BY LAW. | 97. SIGNATURE | VICTIM ☐ | COMPLAINA |
|---|---|---|---|---|---|---|---|

**NARRATIVE**

IN SUMMARY: ON 2 APR 92 AT 959 HRS R/O WAS ON ROUTINE PATROL
AND OBSERVED A MAROON OLDSMOBILE LIC # MB 7754 TRAVELING E/B
ON 147th ST THEN SUDDENLY TURN LEFT (NORTH) ON WOOD, FAILING TO
YEILD TO W/B ONCOMING TRAFFIC. R/O AFFECTED A TRAFFIC STOP ON
THAT VEHICLE, AS R/O APPROACHED THE VEHICLE, R/O OBSERVED THE
PASSENGER OF THAT VEHICLE MOVING AROUND THE FRONT SEAT
SUSPICIOUSLY. R/O ASKED THE PASSENGER (ARRESTED) SHELBY, DENISE E.
TO STEP OUT OF THE CAR, AT THAT TIME R/O OBSERVED (1) CLEAR PLA..
SANDWICH BAG IN HER RIGHT HAND. R/O RECOVERED THE BAG AND DISCOVERE..
ITS CONTAIN (1) ZIPLOCK OF OFF WHITE CHUNKY SUBSTANCE. SHELBY
WAS TRANSPORTED TO HPD FOR PROCESSING. R/O ISSUED THE DRIVER
A CITATION FOR FAILURE TO YEILD AT THE ....

# HARVEY POLICE CONTINUATION AND SUPPLEMENT REPORT

| 1. INCIDENT RTS | 2. TYPE OF REPORT CONTINUATION ☒ SUPPLEMENT ☐ | 3. DATE 2APR92 | TIME 955 | 4. BUREAU PATROL ☐ INVESTIGATION |
| CATION 146 2WK00D | 5. STATUS ORIGINAL ☐ FOLLOW-UP ☐ | 7. DATE OCC. 2APR92 | 8. UNIT 42 | 9. CRN 39180-92 |
| 10. CLEARED BY: ARREST ☐ SERVICE ☐ ADMIN. ☐ EX.CLR. ☐ UNFOUNDED ☐ | | 11. DATE CLEARED | 12. THEFT ☐ RECOVERED ☐ A.CITY - B.COUNTY - C.STATE - D.OTH |

**NARRATIVE**

PROCESSING SHELBY STATED "I PAID TWENTY DOLLARS FOR THAT ROCK" THE SUBSTANCE FIELD TESTED POSITIVE FOR COCA AND WAS PLACED INTO EVIDENCE TO BE SENT TO ILL STATE POLICE CRIME LAB ⅌ CONFISCATED $20.00 USC. FROM HER PERSON AT THE STATION FROM HER JACKET POCKET ⅌ DISCOVERED AN ACTIVE WARRANT #91TR12760 FOR TRAFFIC 1000.00/10% OUT OF ROCK ISLAND IL ⅌ CONTACTED OFC. MEYERS #6067 OF ROCK ISLAND SHERIFFS OFFICE AND ADVISED AT 1610 HRS ASA. OSTROWSKI APPROVED FELONY CHARGES #92-6-OST-270. BOND IS T.B.S. COURT IS T.B.S.

| 14. ARRESTED ☐ | SUSPECT ☐ | WITNESS ☐ | WANTED ☐ | LAST DRIVER ☐ | OTHER |
| 15. NAME | | 16. ADDRESS | | 17. BUSINESS PHONE | 18. HOME PHONE |
| 19. D.O.B. | 20. AGE | 21. SEX | 22. RACE | 23. HGT. | 24. WGT. | 25. HAIR | 26. EYES | 27. SKIN | 28. DISTINGUISHING CHARACTERISTICS, SCARS, ETC. |
| 29. ALIAS | | 30. OCCUPATION | 31. SOC. SEC. NO. | 32. POSSIBLE ASSOCIATES |

| ARRESTED ☐ | SUSPECT ☐ | WITNESS ☐ | WANTED ☐ | LAST DRIVER ☐ | OTHER |
| NAME | | ADDRESS | | BUSINESS PHONE | HOME PHONE |
| D.O.B. | AGE | SEX | RACE | HGT. | WGT. | HAIR | EYES | SKIN | DISTINGUISHING CHARACTERISTICS, SCARS, ETC. |
| ALIAS | | OCCUPATION | SOC. SEC. NO. | POSSIBLE ASSOCIATES |

| 52. STOLEN ☐ RECOVERED ☐ | 53. T.V., RADIO, ETC. | 54. HOUSEHOLD GOODS | 55. VEHICLES | 56. U.S. CURRENCY | 57. JEWELRY | 58. TOOLS |
| | 59. BICYCLE | 60. OFFICE EQUIP. | 61. VEHICLE ACC. | 62. FIREARMS | 63. CONSUMER GOODS | 64. OTHER |

# HARVEY POLICE CONTINUATION AND SUPPLEMENT REPORT

| 1. INCIDENT | 2. TYPE OF REPORT | 3. DATE | TIME | 4. BUREAU |
|---|---|---|---|---|
| PCS. | CONTINUATION ☐ SUPPLEMENT ☑ | 1MAY92 | 2245 | PATROL ☑ INVESTIGATION ☐ |

| F ATION | 6. STATUS | 7. DATE OCC. | 8. UNIT | 9. CRN |
|---|---|---|---|---|
| 16 & WOOD | ORIGINAL ☐ FOLLOW-UP ☑ | 2APR92 | | 9018C-92 |

| 10. CLEARED BY: | | | | 11. DATE CLEARED | 12. THEFT ☐ RECOVERED ☐ |
|---|---|---|---|---|---|
| ARREST ☑ SERVICE ☐ ADMIN. ☐ EX.CL.R. ☐ UNFOUNDED ☐ | | | | | A.CITY • B.COUNTY • C.STATE • D.OTHER |

**NARRATIVE**

ON 1MAY92 AT 0900 HRS R/O APPEARED IN COURT RM 102 FOR PRELIMINARY HEARING ON DENISE SHELBY. R/O WAS UNABLE TO PROVIDE A LABRATORY REPORT AND THE CHARGES WERE THEREFOR DROPPED PENDING THE LAB REPORT, FOR INDICTMENT.

---

**APPLICABLE AS**

| 14. ARRESTED ☑ SUSPECT ☐ WITNESS ☐ WANTED ☐ LAST DRIVER ☐ OTHER ☐ | | | |
|---|---|---|---|
| 15. NAME DENISE SHELBY | 16. ADDRESS | 17. BUSINESS PHONE | 18. HOME PHONE |
| 19. D.O.B. | 20. AGE 21. SEX 22. RACE 23. HGT. 24. WGT. 25. HAIR 26. EYES 27. SKIN 28. DISTINGUISHING CHARACTERISTICS, SCARS, ETC. | | |
| 29. ALIAS | 30. OCCUPATION 31. SOC. SEC. NO. 32. POSSIBLE ASSOCIATES | | |

**APPLICABLE A**

| ARRESTED ☐ SUSPECT ☐ WITNESS ☐ WANTED ☐ LAST DRIVER ☐ OTHER ☐ | | | |
|---|---|---|---|
| NAME | ADDRESS | BUSINESS PHONE | HOME PHONE |
| D.O.B. | AGE SEX RACE HGT. WGT. HAIR EYES SKIN DISTINGUISHING CHARACTERISTICS, SCARS, ETC. | | |
| .IAS | OCCUPATION SOC. SEC. NO. POSSIBLE ASSOCIATES | | |

**VALUE**

| 52. STOLEN ☐ RECOVERED ☐ | 53. T.V, RADIO, ETC. | 54. HOUSEHOLD GOODS | 55. VEHICLES | 56. U.S. CURRENCY | 57. JEWELRY | 58. TOOLS |
|---|---|---|---|---|---|---|
| | 59. BICYCLE | 60. OFFICE EQUIP. | 61. VEHICLE ACC. | 62. FIREARMS | 63. CONSUMER GOODS | 64. OTHER |

# HARVEY POLICE PERSONS INCIDENT REPORT   JUVENILE ☐

| IDENT | 2.CTS | 3.UCC | 4.TAB | 6.LOCATION | | 6.CRN |
|---|---|---|---|---|---|---|
| SOLICITING | | | | 149 + PAGE | | 3237C-92 |

| COMPLAINANT | | | 8.COMPLAINANT ADDRESS  CITY  STATE | | 9.BUSINESS PHONE | 10.HOME PHONE |
|---|---|---|---|---|---|---|
| WIENCEK, D. | | | 15201 DIXIE  HARVEY  IC | | 731-3020 | |

| IT | ATE (OCC) | 13.TIME | TO | 14.DATE (OCC) | 16.TIME | 16 CLEARED BY: | | DATE 17 MAR 92 | | 12 COMPLAINANT D.O.B. |
|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 7 MAR 92 | 0527 | | 17 MAR 92 | 0527 | ARREST ☒ | SERVICE ☐ UNFOUNDED ☐ | | | |

| EFT ☐ RECOVER | TOTAL NUMBER ARRESTED | 21. STRANGER TO STRANGER  YES  NO  UNK. | 22. PREMISE | STREET | SVC. STATION | COMMERCIAL | RESIDENCE |
|---|---|---|---|---|---|---|---|
| Y C.STATE  NZTY D.OTHER | 19.ADULT 2  20.JUV. | | | STORE | BANK | | |

| STOLEN | 24.TV, RADIO, ETC. | 25.HOUSEHOLD GOODS | 26.VEHICLES | 27. U.S. CURRENCY | 28. JEWELRY | 29.TOOLS |
|---|---|---|---|---|---|---|
| RECOVERED | 30.CLOTHING, FURS | 31.OFFICE EQUIP. | 32.VEHICLE ACC. | 33.FIREARMS | 34.CONSUMER GOODS | 35.OTHER |
| LOST | | | | | | |

| 6. NAME | 37. ADDRESS  CITY  STATE | 38.BUSINESS PHONE | 39.HOME PHONE |
|---|---|---|---|

| 0. D.O.B. | 41.AGE | 42.SEX | 43.RACE | 44.HGT. | 45.WGT. | 46.HAIR | 47.EYES | 48.SKIN | 49.TYPE OF WEAPON | 1 GUN | 2 CUTTING TOOL | 3 HANDS, FIST, ETC. | 4 |

| 0. ALIAS | 51. SOC. SEC. NO. | 51A.OCCUPATION | 52. PREV. VICTIM  YES  NO | 53. IDENTIFY SUSPECT  YES  NO | 54. APPARENT RESULT  DEATH ☐ INJURY ☐ ILLNESS ☐ NONE ☐ |

| 5. INJURIES | 56.REMOVED TO: | 57. REMOVED BY. |

| 8.DOCTOR | 59.PARENTS OR GUARDIAN | 60. ADDRESS  CITY  STATE | 61.BUSINESS PHONE | 62. HOME PHONE |

| 9. | WANTED ☐ | SUSPECT ☒ | MISSING ☐ | WITNESS ☐ | ARRESTED ☒ | OTHER: |

| 4.NAME  MAHOME  BERNADETTE M | 65. ADDRESS  CITY  STATE  14905 PAGE  HARVEY IC | 66.BUSINESS PHONE | 67.HOME PHONE |

| 8.D.O.B.  46-65 | 69.AGE 26 | 70.SEX F | 71.RACE BLK | 72.HGT. 50" | 73.WGT. 126 | 74.HAIR BLK | 75.EYES BRN | 76.SKIN DRK | 77.DISTINGUISHING CHARACTERISTICS, SCARS, ETC. |
| 7.ALIAS | | | | 78.OCCUPATION | | 80. SOC. SEC. NO.  34 F-60-0577 | | 82.DATE AND TIME MISSING |

| 1.CLOTHING | 83.POSSIBLE ASSOCIATES | 84.POSSIBLE DESTINATION |

| 5. IF  ING BEFORE, WHERE LOCATED | 86.INTEREST / PERSONAL HABITS, ETC. |

| 7. PARENTS CONTACTED BY: | 88.DATE | 89.TIME | 90.JUVENILE OFFICER CONTACTED |
| 1.RELEASED TO | 92.DATE | 93.TIME |

| ☐ I WILL PROSECUTE  ☐ I WILL NOT PROSECUTE | 94. ☐ I DO  ☐ I DO NOT | AUTHORIZE THE RELEASE OF INFORMATION TO THE NEWS MEDIA OTHER THEN THAT REQUIRED BY LAW. | 95.SIGNATURE | ☐ VICTIM  ☐ COMPLAINANT |

EAI SUMMARY, ON 17 MAR 92 AT 0527 HRS, R/O WIENCEK OBSERVED ARRESTEES, BERNADETTE MAHOME AND DENISE SHELBY, ATTEMPT TO FLAG DOWN SEVERAL VEHICLES VICINITY 149th + PAGE. R/O, HAVING SEEN SUSPECTS THROUGHOUT HIS TOUR OF DUTY, LOITERING IN AN AREA KNOWN FOR PROSTITUTION, STOPPED SUSPECTS AND TOOK THEM INTO CUSTODY AND TRANSPORTED THEM TO H.P.D., CHARGED WITH SOLICITING FOR THE PURPOSE OF PROSTITUTION. COURT DATE SET AT 20 APR 92, 0900, RM. 201, MARKHAM, BOND SET AT $150.00. R/O, WHILE PROCESSING ARRESTEE SHELBY, DETERMINED SHE HAD A WARRANT OUT OF ROCK ISLAND COUNTY SHERIFFS DEPARTMENT, WARRANT NUMBER 91TR12759 ISSUED 8-25-91, FOR FAILURE TO APPEAR, $100. R/O CONTACTED RADIO DISPATCHER BOBBI MAGHENA FROM SAID DEPARTMENT, WHO CONFIRMED THE WARRANT. R/O HAD BEEN INFORMED BY FELLOW OFFICERS THAT ARRESTEES HAD BEEN ARRESTED PREVIOUSLY FOR SAME CHARGES, AND WERE

| EPORTING OFFICER  WIENCEK | STAR NO. (2) | 100. SUPPORTING OFFICER | STAR NO. | 101. DATE REPORT COMPLETED  17 MAR 92 | 102. TIME COMPLETED  0627 |

# HARVEY POLICE CONTINUATION AND SUPPLEMENT REPORT

| CIDENT | 2. TYPE OF REPORT | | 3. DATE | TIME | 4. BUREAU | |
|---|---|---|---|---|---|---|
| SOLICITING | CONTINUATION ☒ SUPPLEMENT ☐ | | 17 MAR 92 | 0522 | PATROL ☒ INVESTIGATION ☐ | |

| OCATION | 6. STATUS | 7. DATE OCC. | 8. UNIT | 9. CRN |
|---|---|---|---|---|
| 14' PAGE | ORIGINAL ☒ FOLLOW-UP ☐ | 17 MAR 92 | 43 | 3237C-92 |

| CLR. BY: | 11. DATE CLEARED | 12. THEFT ☐ RECOVERED ☐ |
|---|---|---|
| ARRES. ☒ SERVICE ☐ ADMIN. ☐ EX.CLR. ☐ UNFOUNDED ☐ | 17 MAR 92 | 13. A.CITY − B.COUNTY − C.STATE − D.OTHER |

KNOWN BY THEM TO BE PROSTITUTES.

CRN 3237C-92

| 14. ARRESTED ☒ | SUSPECT ☒ | WITNESS ☐ | WANTED ☒ | LAST DRIVER ☐ | OTHER | |
|---|---|---|---|---|---|---|

| 15. NAME | | | | | 16. ADDRESS | 60426 | 17. BUSINESS PHONE | 18. HOME PHONE |
|---|---|---|---|---|---|---|---|---|
| SHELBY DENISE E. | | | | | 29 W. CIRCLE DIXMOOR IC | | | |

| 19. D.O.B. | 20. AGE | 21. SEX | 22. RACE | 23. HGT. | 24. WGT. | 25. HAIR | 26. EYES | 27. SKIN | 28. DISTINGUISHING CHARACTERISTICS, SCARS, ETC. |
|---|---|---|---|---|---|---|---|---|---|
| 5-10-65 | 26 | F | BLK | 500 | 105 | BLK | BLN | DRK | |

| 29. ALIAS | 30. OCCUPATION | 31. SOC. SEC. NO. | 32. POSSIBLE ASSOCIATES |
|---|---|---|---|
| | | 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 | |

| ARRESTED ☐ | SUSPECT ☐ | WITNESS ☐ | WANTED ☐ | LAST DRIVER ☐ | OTHER | |
|---|---|---|---|---|---|---|

| NAME | | | | | ADDRESS | | BUSINESS PHONE | HOME PHONE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| D.O.B. | AGE | SEX | RACE | HGT. | WGT. | HAIR | EYES | SKIN | DISTINGUISHING CHARACTERISTICS, SCARS, ETC. |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| ALIAS | OCCUPATION | SOC. SEC. NO. | POSSIBLE ASSOCIATES |
|---|---|---|---|
| | | | |

| 52. STOLEN ☐ RECOVERED ☐ | 53. T.V. RADIO, ETC. | 54. HOUSEHOLD GOODS | 55. VEHICLES | 56. U.S. CURRENCY | 57. JEWELRY | 58. TOOLS |
|---|---|---|---|---|---|---|
| | 59. BICYCLE | 60. OFFICE EQUIP. | 61. VEHICLE ACC. | 62. FIREARMS | 63. CONSUMER GOODS | 64. OTHER |

| 1. REPORTING OFFICER | STAR NO. | 66. APPROVING SUPERVISOR | STAR NO. | 67. DATE REPORT COMPLETED | TIME COMPLETED |
|---|---|---|---|---|---|
| | | | | | |